# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10025 | **DATE** | 12/28/12 |
| **CASE TITLE** | Norvell Moore (#42749-424) v. U.S. Marshals, et al. | | |

**DOCKET ENTRY TEXT:**

The U.S. Marshals Service is dismissed as a Defendant. This action is transferred to the United States District Court for the Central District of Illinois at Urbana for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The Clerk shall not issue summonses unless the transferee court so directs. The case and all pending motions are terminated on this Court's docket.

■ [For further details see text below.]                                                                    Docketing to mail notices.

## STATEMENT

Plaintiff has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). He claims that the U.S. Marshals Service transferred him to the custody of the Jerome Combs Detention Center in Kankakee, Illinois. While in custody there, he alleges he was given the wrong medication and suffered a drug reaction, during which he lost consciousness and suffered cardiac arrest. He alleges he was unconscious for four days. Without expressing an opinion as to the merits of the complaint, the Court finds that venue does not lie in this judicial district.

Initially, Plaintiff has sued the U.S. Marshals Service. However, in a *Bivens* action there can be no recovery against the Marshals Service because it is not a suable entity. Congress has not authorized in explicit language that the Marshals Service can be sued in its own name, *see* 28 U.S.C. §§ 561 - 569 (statutes governing the United States Marshals Service), nor has Congress implied that the Marshals Service can be sued because it is an offspring of a suable entity. *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such suable entity."). Consequently, the Marshals Service is not an entity that may be sued. Accordingly, Plaintiff's claims against the Marshal Service must be dismissed.

Additionally, under 28 U.S.C. § 1391(b), a civil rights action under *Bivens* may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**(CONTINUED)**

AWL

**STATEMENT**

The Court discerns no basis for venue in this district.  The events giving rise to this lawsuit took place in Kankakee, Illinois. Kankakee is in Kankakee County, which is situated in the Central District of Illinois federal judicial district.  *See* 28 U.S.C. § 93(b).  Venue does, therefore, exist in the Central District of Illinois and, given the particulars of this case, that district is clearly the most convenient forum for this action.

For the foregoing reasons, this action is transferred to the United States District Court for the Central District of Illinois at Urbana pursuant to 28 U.S.C. § 1406(a) for imposition of an initial filing fee and whatever other action the transferee court deems appropriate.  The Clerk shall not issue summonses unless the transferee court so directs.